UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| H. LLOYD PARKER,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | NO.  CV-10-318-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 16 and Defendant's Motion for Summary Judgment, ECF No. 19. The motions were heard without oral argument. Plaintiff is represented by Rebecca M. Coufal. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Michael Howard.

**I.    Jurisdiction**

On December 13, 2007, Plaintiff H. Lloyd Parker filed an application for Supplemental Social Security Income (SSI) and Social Security Disability Insurance Benefits (SSDIB). Plaintiff alleges that he has been disabled since May 27, 2003.

His application was denied initially on March 10, 2008, and again denied on reconsideration on May 21, 2008. A timely request for a hearing was made.  On January 27, 2010, Plaintiff appeared at a video hearing in Wenatchee, Washington before Administrative Law Judge (ALJ) Jean R. Kerins, who was located in

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1**

Metairie, LA. Kasey C. Suggs, vocational expert, also appeared at the hearing. Plaintiff was represented by Randy Fair.

The ALJ found that Plaintiff was not disabled from May 27, 2003 to September 30, 2009, but became disabled on October 1, 2009. Plaintiff timely requested review by the Appeals Council, which was denied August 10, 2010. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed a timely *pro se* appeal with the U.S. District Court for the Eastern District of Washington on November 10, 2010. An amended complaint was filed by Plaintiff's attorney on October 26, 2010. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 2**

engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 3**

step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 43 years old, and was living with his father. He graduated from high school and attended one year of college. His

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4**

prior work experience consists of working as a lube technician and as security officer. He last worked as a security officer in 2003, where he was certified to carry a firearm. He quit because his supervisor did not like him. Between 2005-2006, he was incarcerated for non-payment of child support, and then for smuggling tobacco and marijuana back into the jail. He received a 60 day sentence.[1]

At the hearing, he spoke about his stomach problems related to his anxiety. He reported his anxiety makes him not want to be around people. He explained that he gets tensed up and just wants to get away from everything. He stated that his anxiety increased after he quit his job. He gets fatigued and at times, he does not have the energy to change his clothes or shower. He stated that he could not stand for more than 15 minutes.

## V. The ALJ's findings

The ALJ found Plaintiff to be disabled as of October 1, 2009, but not from the alleged onset date of May 27, 2003. (Tr. 16.) She found that Plaintiff met the insured status requirements of the Social Security Act only through December 31, 2008. (Tr. 15.)

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 27, 2003, the alleged onset date of disability. (Tr. 17.)

At step two, the ALJ found that since May 27, 2003, Plaintiff had the following severe impairments: lumbar degenerative disc disease with stenosis, anxiety, obesity, and knee and shoulder problems. (Tr. 17.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal any of the listed impairments described 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d),

---

[1] Plaintiff testified that he was coerced into smuggling the tobacco and marijuana into the jail. He served 30 days of the sentence before being released.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 5**

404.1525, 404.1526, 416.925 and 416.926). The ALJ found that the mental impairment(s) did not satisfy the criteria of paragraph "C" of the applicable mental disorder listing.[2] (Tr. 18.)

At step four, the ALJ found that prior to October 1, 2009, Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except occasional climbing, ramps/stairs, ladder/rope/scaffolds, balancing, stooping, kneeling, crouching and crawling, and occasional interaction with the public, supervisors and coworkers. (Tr. 18.) The ALJ discredited Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms of depression and anxiety. (Tr. 19.) The ALJ discredited Plaintiff's testimony regarding his knee and shoulder pain, finding that the medical evidence described daily activities that were not limited to the extent one would expect, given Plaintiff's complaints of disabling symptoms and limitations. (Tr. 20.) Specifically, the ALJ discredited Plaintiff's claim that he was unable to stand more than 15 minutes given that the evidence showed he shopped for groceries, drove, spent time fishing, and was the primary caretaker for his father.

After October 1, 2009, the ALJ found that Plaintiff could perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except occasional climbing, ramps/stairs, ladder/rope/scaffolds, balancing, stooping, kneeling, crouching and crawling, occasional interaction with the public, supervisors and coworkers, and unable to sustain a competitive pace for two hours at a time. (Tr.

---

[2]The ALJ found that Plaintiff had the following degree of limitation in the broad areas of functioning set out in the disability regulations: moderate restriction in activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended period. (Tr. 18.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 6**

21.)

The significant difference between the two time periods is that the ALJ found that after October 1, 2009, Plaintiff was unable to sustain a competitive pace for two hours at a time. The ALJ concluded that beginning on October 1, 2009, Plaintiff's allegations regarding his symptoms and limitations were generally credible. (Tr. 22.) In making this determination, the ALJ relied on objective medical evidence showing a herniated disc at L4-L5 causing mass effect on the left L5 nerve root, pushing it posteriorly, as well as showing congenital spinal stenosis involving the lower lumbar spine. (Tr. 22.) The ALJ credited Plaintiff's testimony that he was unable to stand for more than 15 minutes. (Tr. 22.)

At step five, the ALJ found prior to October 1, 2009, Plaintiff was capable of performing past relevant work as a security officer, light duty, semi skilled. (Tr. 22.) After October 1, 2009, the ALJ found that Plaintiff's additional limitations (unable to sustain a competitive pace for two hours at a time) eroded the unskilled light occupational base, and found that no jobs in the national economy existed that Plaintiff could perform. (Tr. 23.)

## VI. Issues for Review

Because the ALJ found Plaintiff to be disabled as of January 15, 2009, the focus of Plaintiff's appeal is the time between the alleged onset date of October 7, 2004 and January 14, 2009.

Plaintiff presents the following issues with respect to the ALJ's findings:
1. Was the ALJ's finding that Plaintiff did not suffer severe impairments of depression as well as personality disorder supported by substantial evidence?
2. Did the ALJ err in rejecting the examining psychologist's testimony?
3. Did the ALJ err by not providing the necessary basis, supported by the record, to find Parker credible only as far as he agreed with the ALJ's RFC?

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7**

4. Did the ALJ err in failing to include all of Plaintiff's limitations and restrictions in posing the hypothetical to the Vocational Expert?

## VII. Discussion

### 1. Whether the ALJ erred in not listing severe impairments of depression and personality disorder in Step Two

Plaintiff argues the ALJ erred in omitting his depression and personality disorder from the list of his severe impairments in Step Two. While it is true that the ALJ did not specifically list depression and personality disorder in step two, she specifically addressed it in her discussions throughout her Order. She discussed the relevant evidence of Plaintiff's mental impairments, including Plaintiff's difficulty in relating to others. *See* Tr. 19. Notably, in defining the residual functional capacity, she limited Plaintiff to only occasional interaction with supervisors, coworkers, and members of the public. (Tr. 18.) As such, Plaintiff is unable to show that he was prejudiced by the omission in Step Two of the listing of depressions and personality disorder. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that any error by the ALJ in neglecting to list an impairment in Step 2 was harmless because the decision reflected that the ALJ considered any limitations posed by the impairment at Step 4).

### 2. Whether the ALJ erred in rejecting examining psychologists and physician's testimony

Plaintiff argues the ALJ did not consider the depressive disorder/dysthymic and personality disorders diagnosed by Drs. Goodwin, MacLennan, Desire and Janssen, without the assistance of a medical expert. Plaintiff argues that the ALJ dismissed the medical opinions of the consulting experts and speculated on the evidence. Notably, Plaintiff did not identify the portion of the decision in which he contends the ALJ speculated on the evidence.

In evaluating opinions from treating and examining physicians, the ALJ

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8**

must consider several factors: the consistency of the opinion with other evidence; the physician's specialization; and the degree to which the opinion is supported by the evidence. 20 CFR §§ 404.1527(d), 416.927(d). The ALJ must provide "good reasons" for assigned weight to a treating physician's opinion. § 404.1527(d), 416.927(d).

In her decision, the ALJ properly discussed and accounted for the opinions of treating, examining, and non-examining physicians and psychologists, and incorporated their findings in determining the functional residual capacity. In the end, she gave considerable weight to the opinion of examining psychologist Dr. MacLennan and Dr. Gaffield's opinion, who assessed Plaintiff as capable of performing light work. (Tr. 21.) Dr. Desire was not mentioned in the ALJ's opinion. Plaintiff saw Dr. Desire for treatment beginning in March, 2008, however, there is nothing in the record that indicates that the doctor gave opinions concerning Plaintiff's ability to work. *See* Tr. 526-532. The ALJ reasonably discussed the reports of examining psychologist Dr. Goodwin and did not find them inconsistent with his evaluation of the evidence. (Tr. 19.) Dr. Janssen's findings that Plaintiff had some difficulties in social functioning were reasonably accounted for by limitations on contact with supervisors, coworkers, and the general public in the ALJ's functional residual capacity finding. (Tr. 18-19.) Plaintiff has not shown that the ALJ erred in her consideration of the opinions of the medical providers.

**3.    Whether the ALJ provided the necessary basis for not finding Plaintiff credible**

Plaintiff asserts the ALJ did not provide specific, clear and convincing reasons for not finding Plaintiff credible.

In her Order, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms of depression and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 9

anxiety were not credible, with respect to the period prior to October 1, 2009. She based this conclusion on the fact that Plaintiff did not begin any treatment for his depression and anxiety until 2005, and the record demonstrated that during this time, he spent most of his days enjoying fishing. (Tr. 19.) She noted that Plaintiff never sought or received treatment from a specialist; rather, all treatment had been rendered by a general practitioner. (Tr. 19.) She relied on Dr. MacLennan's notes that Plaintiff was socially isolated, withdrawn and had little motivation, and that he had become so reclusive that he would be very stressed by the demands of a work setting, but also referred to a progress note from Plaintiff's treating physician that showed Plaintiff doing better with his depression. (Tr. 19.) Finally, she noted that Plaintiff's descriptions of symptoms were vague and general, lacking the specificity that might otherwise make them more convincing. (Tr. 19.)

She also concluded that Plaintiff's description of knee and shoulder pain were not credible given that his daily activities were not as limited as one would expect from this description of pain. (Tr. 20.) Notably, the ALJ noted that Plaintiff shops for groceries, drives, and spends time fishing, as well as he takes care of his father. (Tr. 20.) She noted the consultive examiner concluded that there were no obvious and no significant objective findings that would present Plaintiff from walking, standing, or sitting for an eight-hour day. (Tr. 20.)

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, then the ALJ must give "'specific, clear and convincing reasons'" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 10

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).[3] If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

    1. The individual's daily activities;

    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

---

[3] Defendant argues that the Court need only determine whether the ALJ properly made "specific," cogent findings, supported in the record, for rejecting a claimant's subjective symptom testimony, rather than "clear and convincing evidence." Indeed, some cases have held that, at a minimum, an ALJ must make specific, cogent findings, supported in the record, to reject a claimant's subjective symptom testimony. *See, e.g., Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir.2010); *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990); see also Social Security Ruling.("SSR") 96–7p ("When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements"). The majority of cases apply the clear and convincing standard. Out of an abundance of caution, this Court shall apply the arguably more rigorous "clear and convincing" standard.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 11**

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

    5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

    Here, the ALJ properly followed the procedures and regulations to determine Plaintiff's credibility, and gave sufficiently specific reasons for finding Plaintiff not credible for the period prior to October 1, 2009. Moreover, the specific reasons were supported by the record. She found that Plaintiff was engaged in daily activities, including shopping, carrying for his father, and fishing[4], that were inconsistent with his claims of disability. She found Plaintiff's treatment history was inconsistent with his claim of disability.

    As set forth above, in setting the residual functional capacity, the ALJ included for both time periods the limitation of only occasional interaction with the public, supervisors and coworkers, which addresses his anxiety and personality disorder. This limitation was supported by the record. The ALJ properly discredited Plaintiff's testimony regarding his symptoms to the extent it conflicted with this residual functional capacity limitation.

---

[4]Plaintiff argues that he did not go fishing as often as the ALJ suggested, however, regardless of the frequency of the fishing trips, the ALJ reasonably interpreted this evidence as inconsistent with a claim of disability.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 12**

### 4. Whether the ALJ's hypothetical to the Vocational Expert was Correct

Plaintiff argues that the ALJ failed to provide the Vocational Expert with all of Plaintiff's limitations, particularly his mental limitations, contained in the record. Plaintiff does not identify which mental limitations were unaccounted for in the hypothetical.

Here, the ALJ included all of the limitations she found to exist and these findings were supported by substantial evidence. The ALJ did not err in omitting other limitations that Plaintiff claims to have existed, but failed to prove. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

### 5. Conclusion

Plaintiff has not met his burden of showing that the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled between May 27, 2003 and October 1, 2009 was not supported by substantial evidence.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 16, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

3. The decision of the Commissioner denying benefits between May 27, 2003 and October 1, 2009 is affirmed.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 14th day of February, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 13

1
2
3   Q:\RHW\aCIVIL\2010\Parker\sj.wpd
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 14